**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| JOHN DOE, et al<br><br>*Plaintiffs*,<br><br>v.<br><br>SCHOOL BOARD FOR FAIRFAX COUNTY PUBLIC SCHOOLS, et al<br><br>*Defendants*. | Case No. 1:26-cv-01541<br><br>**MOTION TO FILE COMPLAINT UNDER PSEUDONYM AND MEMORANDUM IN SUPPORT** |

Plaintiffs in the above-captioned matter, by and through their next friends and parents, respectfully request leave to file the attached Complaint under pseudonym, based on the status of Plaintiffs as minors at all times relevant to the allegations, the sensitive nature of their claims, and the risk of retaliatory harm that could result from the public disclosure of their identities.

## BACKGROUND

Plaintiffs are high school students attending Thomas Jefferson High School for Science and Technology ("TJHSST"). They are members of the TJHSST chapter of the Muslim Students Association ("MSA"). Plaintiffs Collin Coe, Richard Roe, and Jane Doe are minors, whereas Plaintiff John Doe is eighteen years old but was a minor during the events giving rise to this Complaint.

In October 2025, Plaintiffs and other members of MSA created and posted a video on their social media account, featuring a comedy skit intended to bring awareness of its upcoming events to the TJHSST community. The skit followed a viral online trend, and was very similar to other videos posted by other student organizations at TJHSST and in the school district, Franklin County

Public Schools. However, because Plaintiffs are Arab and Muslim, and because some Plaintiffs wore attire expressing Palestinian identity and solidarity, adult community members subjected them to an intense campaign of hate, threats, and hysteria. Administrators at TJHSST placed Plaintiffs in isolation for three days during an investigation into the video, and then further suspended them for one week—sanctions that no other group suffered, and that have injured Plaintiffs' reputations in numerous ways.

Plaintiffs are filing this suit alleging that Defendants' actions violated statutory and constitutional law, namely, Title VI of the Civil Rights Act of 1964, their free speech rights under the First Amendment, and their due process and equal protection rights under the Fourteenth Amendment. Plaintiffs seek declaratory and injunctive relief, and damages.

**ARGUMENT**

The federal courts may grant a plaintiff's motion to proceed pseudonymously in certain exceptional circumstances. *See Doe v. Mercy High Sch., Inc.*, No. 1:23-CV-01184, 2024 WL 3103396, at *5 (D. Md. June 24, 2024). Courts in the Fourth Circuit typically assess five factors when assessing the motion:

> [(1)] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [(2)] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; [(3)] the ages of the persons whose privacy interests are sought to be protected; [(4)] whether the action is against a governmental or private party; and, [(5)] relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobsen*, 6 F.3d 233, 238 (4th Cir. 1993). These factors strongly weigh in favor of the moving Plaintiffs in the matter before this Court, such that Plaintiffs should be permitted to proceed pseudonymously.

First, the facts of this case are plainly and highly sensitive. *James*, 6 F.3d at 238. The matter includes allegations that Plaintiffs, through their participation in a MSA comedy skit posted online, were recreating or glorifying terrorism and encouraging or condoning violence against Jewish people. Defendant and TJHSST Principal Michael Mukai labeled the skit as "antisemitic" in a published statement. Plaintiffs and their families have experienced a online campaign of Islamophobic, anti-Arab, and anti-Palestinian hysteria. Exposure of their identities would further increase the risk of physical and emotional harm. Accordingly, Plaintiffs are not merely seeking to avoid "annoyance and criticism," and the first factor weighs in favor of Plaintiffs' Motion where failing to do so "could deter litigants from filing claims to vindicate their rights." *Charles H. v. D.C.*, No. 1:21-CV-00997, 2021 WL 6619327, at *2 (D.D.C. Apr. 9, 2021)

Second, identification poses a significant risk of retaliatory harm. Plaintiffs allege that MSA has been targeted by online hate speech, with agitators claiming that the students who participated in the MSA comedy skit, including Plaintiffs, are referencing and condoning acts of violence and terrorism. These attacks and smears cause Plaintiffs and their parents to fear for their families' physical safety, including the safety of non-party family members. Further, Plaintiffs' and their families, including non-party family members, have suffered significant mental and emotional distress as a result of these attacks that they reasonably fear will be heightened by a revelation of their identities. *See Doe v. Bd. of Educ. of Anne Arundel Cnty.*, No. 1:25-CV-01703, 2025 WL 1865786, at *2 (D. Md. July 7, 2025) (finding this factor weighed in movants favor where "plaintiff may face psychological harm from having her sensitive information made permanently available to anyone with Internet access").

Third, "children are particularly vulnerable to retaliation." *Virginia State Conf. NAACP v. Cnty. Sch. Bd. of Shenandoah Cnty.*, No. 5:24-CV-040, 2025 WL 270050, at *2 (W.D. Va. Jan.

22, 2025); *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981) ("The gravity of the danger posed by the threats of retaliation against the Does for filing this lawsuit must also be assessed in light of the special vulnerability of these child-plaintiffs."). All Plaintiffs were minors at all times relevant to their Complaint, and three Plaintiffs remain minors. Plaintiffs and minor non-party family members face an unreasonable risk of social pressure and harm, including bullying, harassment, and isolation, should their identities be revealed. Plaintiffs also face the risk of compounding harms to their reputation, affecting their ability to participate in extracurricular activities, apply to college or university, and obtain employment opportunities, should their identities become publicly available. Accordingly, the minor status of Plaintiffs and innocent third-party family members weighs this factor in favor of Plaintiffs' Motion. *See James*, 6 F.3d at 243 (Williams, J., concurring) (noting the specific "risk of substantial harm to . . . innocent third parties who are minor children").

Fourth, while Plaintiffs' lawsuit names both official and individual capacity government officials as Defendants, the fourth factor weighs in favor of Plaintiffs' Motion because Plaintiffs only "seek to vindicate their own rights, and those of individuals similarly situated, and anonymity appears to be necessary to provide them the opportunity to vindicate those rights." *Charles H.*, No. 1:21-CV-00997, 2021 WL 6619327, at *3.

Fifth and finally, the Court asks if any residual "risk of unfairness" falls on Defendants by permitting Plaintiffs to proceed under pseudonym. *James*, 6 F.3d at 238. "Where Defendant knows the true identity of Plaintiff, and is 'fully capable of investigating and responding to the allegations,' there is no risk of prejudice to Defendant's defense." *Anne Arundel Cnty.*, No. 1:25-CV-01703, 2025 WL 1865786, at *3 (quoting *E.E.O.C. v. Spoa, LLC*, No. CCB-13-1615, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013)). Here, Defendants know Plaintiffs' identities, because it is Defendants specific actions against Plaintiffs that gave rise to this suit. Additionally, Plaintiffs

will provide each Defendant non-anonymized versions of the pleadings and subsequent filings. Accordingly, there is no unfair prejudice created by granting Plaintiffs' Motion.

At bottom, all of the *James* factors weigh in favor of Plaintiffs' Motion. Plaintiffs' should therefore be permitted to proceed under pseudonyms. By extension, Plaintiffs' parents should be permitted to do the same, because "identifying the parent plaintiffs by name would similarly render minor plaintiffs immediately identifiable." *Virginia State Conf. NAACP*, No. 5:24-CV-040, 2025 WL 270050, at *2 (citing *J.W. v. District of Columbia*, 318 F.R.D. 196, 199 (D.D.C. 2016)).

## CONCLUSION

Plaintiffs are high school students who have been accused by their school administrators of condoning terrorism and acts of violence against Jewish people, and have been targeted by an online campaign of racial and religious hatred. Plaintiffs and their families have real and immediate fear of physical and mental harm if their identities are revealed. Nevertheless, they seek and deserve relief from this Court. Because *James* factors strongly weigh in favor of Plaintiffs' Motion, Plaintiffs respectfully ask that the Court allow them and their parents to proceed pseudonymously.

Dated: June 4, 2026

Respectfully submitted,

/s/ Lena Masri_____

Lena Masri
Gadeir Abbas*
Ahmad Kaki
Catherine Keck^
John M. Fossum**
CAIR LEGAL DEFENSE FUND
453 New Jersey Ave, SE
Washington, D.C. 20003
Tel: (202) 742-6420
Fax: (202) 488-0833
gabbas@cair.com

*licensed in VA, not in DC
**application for admission pending
^pro hac vice application
forthcoming