**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | | |
|---|---|---|
| JOHN DOE, *et al.* | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 1:26-cv-1541-AJT-IDD |
| FAIRFAX COUNTY SCHOOL BOARD, *et al.*, | ) | |
| Defendants. | ) | |

**DEFENDANTS' BRIEF IN SUPPORT OF CONSENT MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS**

On July 24, 2026, the Court issued a Rule 16(b) scheduling order, commencing discovery in this action. ECF No. 19. But Defendants' time to respond to the Complaint does not expire for another two weeks, until August 10, 2026. Defendants intend to file a timely motion to dismiss all counts of Plaintiffs' complaint for failure to state a plausible claim for relief. Staying discovery pending resolution of Defendants' Rule 12(b)(6) motions will promote judicial economy and conserve the parties' resources. It will not prejudice Plaintiffs, who have advised that they consent to the stay sought by Defendants. The Court should stay discovery pending resolution of Defendants' forthcoming motion to dismiss.

**BACKGROUND**

On June 4, 2026, Plaintiffs, four current or former students at Thomas Jefferson High School for Science and Technology ("TJHSST"), filed this lawsuit, challenging the discipline they received last Fall, after posting a video on social media that school officials determined violated

the student code of conduct. ECF No. 1. They allege violations of their rights under the First and Fourteenth Amendments of the U.S. Constitution and Title VI of the Civil Rights Act of 1964. *Id.*

On June 10, 2026, Plaintiffs transmitted to Defendants requests to waive service of the summonses under Fed. R. Civ. P. 4(d). Defendants obliged and returned executed waivers the same day.[1] *See* ECF No. 20. However, in an oversight, Plaintiffs did not file the waivers of service with the Court, as required by Local Rule 4.

In the ensuing weeks, the parties conferred on Plaintiffs' anticipated motion for preliminary injunction. As part of those discussions, Defendants advised Plaintiffs that they intended to move to dismiss the complaint. On July 23, 2026, and more than two weeks before Defendants' responsive pleadings were due, Plaintiffs filed a joint stipulation that obviated Plaintiffs' anticipated motion for preliminary injunction.

The next day, on July 24, 2026, the Court issued its Rule 16(b) Scheduling Order. ECF No. 19. The Order provides that discovery may begin immediately, requires the Parties to meet and confer on a discovery plan, and sets a Rule 26(f) conference on August 19. *Id.* Defendants' responsive pleadings, however, are not due until August 10, 2026, by virtue of their execution of the waivers of formal service that were sent to them on June 10. *See* Fed. R. Civ. P. 12(a)(1)(A)(ii); Fed R. Civ. P. 6(a)(1)(C) (The computation of time to file a responsive pleading includes "the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

Upon receipt of the Rule 16(b) Order, Defendants alerted Plaintiffs that they had failed to file Defendants' executed waivers of service and thus, the Court appeared to be unaware that

---

[1] Though Plaintiffs separately named TJHSST as a defendant in this case, Defendants advised Plaintiffs that TJHSST is not an entity separate from the School Board, so a separate waiver of service was not executed on behalf of TJHSST.

Defendants' responsive pleadings were not yet due. Plaintiffs corrected their oversight by filing Defendants' waivers of service later that same day. ECF No. 20.

Defendants advised Plaintiffs that they intended to move for a stay of discovery pending resolution of their forthcoming motion to dismiss. Plaintiffs responded that they do not oppose the motion. The Parties have agreed to notice Defendants' motion to dismiss for hearing on September 9, 2026.

## ARGUMENT

Motions to dismiss under Rule 12(b)(6) allow the Court to "streamline[] litigation by dispensing with needless discovery and factfinding. " *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (internal quotations omitted) (alteration in original). "Courts commonly stay discovery pending resolution of dispositive motions . . . [which] can be an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Cognate BioServices, Inc. v. Smith*, No. CIV. WDQ-13-1797, 2015 WL 5673067, at *2 (D. Md. Sept. 23, 2015) (quoting *Wymes v. Lustbader*, No. CIV. WDQ-10-1629, 2012 WL 1819836, at *4 (D. Md. May 16, 2012)).

Courts in this District do not typically direct the parties to commence discovery before the defendant's time to respond to the complaint has expired. Indeed, a plaintiff who seeks such expedited discovery must satisfy "a modified preliminary injunction test" to obtain such relief. *Heshan Jiahojia Sanitary Ware Indus., Co. v. Unincorp. Ass'ns*, No. CV 3:25CV845, 2025 WL

3006037, at *3 (E.D. Va. Oct. 27, 2025) (citing *ForceX Inc. v. Tech. Fusion*, LLC, No. 4:11-cv-88 (TEM), 2011 WL 2560110, at *4–5 (E.D. Va. June 27, 2011).

Here, it appears likely that the Court's issuance of the Rule 16(b) Order more than two weeks before Defendants' responsive pleadings were due was because of Plaintiffs' failure to file Defendants' waivers of service, not a determination that early discovery is warranted or appropriate. *See* Local Rule 4(A) ("All waivers of service obtained under Fed. R. Civ. P. 4(d) shall be filed within five (5) days after they are returned to plaintiff."). But even were that not the explanation, good cause exists to stay discovery pending resolution of Defendants' forthcoming motion to dismiss.

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 707 (1997). Courts in this District addressing a motion to stay consider "(1) the interests of judicial economy; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Amazon.com, Inc. v. WDC Holdings LLC*, No. 120CV484RDAIDD, 2023 WL 7272350, at *1 (E.D. Va. Aug. 30, 2023) (Alston, J.) (internal quotation omitted).

All of those factors are met here. First, staying discovery until after resolution of the Defendants' forthcoming motion to dismiss will serve judicial economy and efficiency. As currently pleaded, this case involves four plaintiffs alleging multiple theories of relief against each of four defendants. Defendants' motion to dismiss will address every claim. The motion could resolve the case in its entirety, or at least, narrow it significantly. Developing a discovery plan and potentially resolving discovery disputes before the Court has considered which, if any, Defendants should remain in the case, and the claims to which they must answer, risks wasting the Court's time and resources.

Second, a stay will also promote efficient use of the parties' resources. Defendants are a publicly-funded school system and three of its employees. Requiring Defendants to participate in discovery before their motion to dismiss has been resolved "would result in a substantial diversion of public resources which may not be ultimately necessary in this action." *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 116 (E.D.N.Y. 2006). "Even in the event that only some of the causes are dismissed—and some but not all of the defendants are dismissed from this action—by staying discovery now it will serve to substantially reduce the economic burden of full party discovery." *Id.*

Third, a stay will not be prejudicial or cause any hardship to Plaintiffs. Importantly, Plaintiffs consent to the stay sought by Defendants. The Parties have already filed a stipulation that obviates Plaintiffs' need for any preliminary relief during the pendency of the case, so the delay will not prejudice Plaintiffs. The Parties also have already agreed to set Defendants' motion to dismiss for hearing on September 9, shortly after the motion will become ripe for disposition, so any delay will be minimal.

## CONCLUSION

For all of these reasons, the Court should grant Defendants' motion and stay discovery pending resolution of Defendants' forthcoming motion to dismiss.

Dated: July 29, 2026

Respectfully submitted,

/s/ *Sona Rewari*

Sona Rewari (VSB No. 47327)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 955-1974
Facsimile: (703) 918-4018
srewari@hunton.com

David Parker (VSB No. 85619)
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
Telephone: (804) 788-8718
Facsimile: (804) 788-8218
dparker@hunton.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 29th day of July, 2026, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record.

/s/ *Sona Rewari*
Sona Rewari (VSB No. 47327)