IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| JOHN DOE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SCHOOL BOARD FOR FAIRFAX COUNTY PUBLIC SCHOOLS, *et al.*,<br><br>Defendants. | ) | Civil Action No. 1:26-cv-01541 (AJT/IDD) |

**ORDER**

Before the Court is the Motion to Dismiss filed by Defendants on August 10, 2026, [Doc. No. 25]. The Court held a hearing on the Motion on September 9, 2026, following which it took the Motion under advisement. Upon consideration of the Motion, the memoranda in support thereof [Doc. Nos. 29, 35], and in opposition thereto [Doc. No. 34], the arguments by counsel at the hearing, and for the reasons discussed below, the Motion is **DENIED** in part and **GRANTED** in part.

**I. BACKGROUND**

The Plaintiffs, four students who, at the time of the events giving rise to this action, attended Thomas Jefferson High School for Science and Technology ("TJHSST"), located within the Fairfax County Public Schools ("FCPS") system, challenge the school-based discipline they received after posting a video on social media deemed by a school administrator to be a violation of the school code of conduct. Specifically, Plaintiffs alleged violations of 42 U.S.C. § 1983 based on violations of the Equal Protection Clause (Claim I), the First Amendment (Claim II), and the Fourteenth Amendment Due Process Clause (Claim IV) and also a violation of Title VI of the Civil

Rights Act of 1964, 42 U.S.C. § 2000D (Claim III). Named as Defendants are (1) TJHSST, (2) the Fairfax County School Board ("School Board" or "FCPS"), (3) Michelle C. Reid, the Superintendent of FCPS, (4) Michael Mukai, the Principal of TJHSST, and (5) Elizabeth Fawsett, the Assistant Principal of TJHSST.

Briefly summarized, the Complaint alleges that Plaintiffs and four other non-party students participated in posting a video to promote an upcoming meeting hosted by their club, the TJHSST chapter of the Muslim Student Association, in which they recreated a viral social media trend whereby students act out varying kinds and levels of violent acts to comedically promote their school club or event. [Doc. No. 1] ¶¶ 26–39, 34–35, 40, 47, 51–66. The Complaint further alleges that the video, filmed on school property during school hours, and posted on Friday, October 24, 2025, on the club's school Instagram account, *id.* ¶ 62, featured (a) one Plaintiff wearing a sweatshirt depicting a historic map of Palestine ("map sweatshirt") and (b) a keffiyeh[1] used to hood one of the student-actors in the skit. *Id.* ¶¶ 74, 78. The Complaint further alleges that "online hysteria" quickly ensued in which actors outside the TJHSST and FCPS communities characterized the video skit as mocking the Israel-Gaza conflict, and at least one TJHSST parent took offense to the video in a group chat with TJHSST parents. *Id.* ¶¶ 80–88. Additionally, the suspension notice that Plaintiffs received later stated that "[s]tudents and staff of different faiths have approached school administrators since they saw the video online to share that they now feel fearful and unsafe at school." [Doc. No. 26] at 18–19; [Doc. No. 26-3] at 1.

The Complaint further alleges that on the next Monday, October 27, 2025, certain events occurred, including the following: (1) the Jewish Community Relations Council released a statement condemning the video; (2) Defendant Fawsett questioned each Plaintiff about the video,

[1] A keffiyeh is a traditional Arab headdress historically worn in nomadic communities in historic Palestine. [Doc. No. 1] ¶ 78, n.2.

and Plaintiffs insisted they intended not to reenact particular real-life events, but rather to follow a viral trend; (3) Plaintiffs and their parents informed Defendant Fawsett of the existence of other videos posted by students, including two by student groups within the FCPS system, also depicting the viral trend; (4) Plaintiffs were sent home from school after Defendant Fawsett indicated she would investigate the matter further; and (5) Defendant Mukai published an open letter via email to the TJHSST community later that day, describing Plaintiffs' skit as an act of "antisemitism." *Id.* ¶¶ 57–60, 92–94, 96–104, 107; *see also id.* ¶¶ 57–60 (describing the two relevant comparator videos by other FCPS students).[2] They also allege, in substance, that without any adequate investigation or consideration, Defendant Fawsett pre-judged Plaintiffs' conduct. *See* [Doc. No. 1] ¶ 103 (she stated she was "just looking for the proper code violation").

The Complaint further alleges that beginning on Tuesday, Plaintiffs were placed in an "Alternative Instructional Area" ("AIA"), a small, windowless classroom where they were instructed to complete academic assignments while the investigation commenced. *Id.* ¶¶ 108–11, 132. On Thursday, October 30, 2025, Defendant Fawsett issued a notice indicating Plaintiffs and the other students involved in the video would receive in-school suspension ("ISS"). The notice outlined specific findings, including "On-Campus Creation of Menacing Imagery" (finding that the skit portrayed acts of violence or death), and "Use of Eliminationist Symbols" (finding that the image on Plaintiff Colin Coe's map sweatshirt was "a map of the state of Israel covered entirely by a Palestinian flag, a symbol widely interpreted as an eliminationist message against all Jews in the state of Israel"). *Id.* ¶¶ 123–24.[3] Overall, Plaintiffs were suspended for seven days, one day out

---

[2] The Complaint lists other events pertinent to their claims.

[3] The notice also stated that the video "creates a foreseeable and direct intimidation to the rights of all students and staff to feel secure in the educational environment, including, but not limited to, Jewish students and staff." *Id.* ¶ 128. In addition to the suspension notice, Plaintiff Coe was told he could no longer wear the map sweatshirt to school, but on July 23, 2026, the parties filed a joint stipulation in which Defendants agreed not to discipline Plaintiff Coe for wearing the map sweatshirt. [Doc. No. 18] at 2.

of school, and six days in school. *Id.* ¶ 100 (parents were "called to take them home"), ¶¶ 108–14 (AIA room on October 28th, 29th, and 30th), ¶¶ 120–21, 140 (AIA room October 31st until return to normal school routine on November 7th); [Doc. No. 34] at n.7 (school holiday November 3rd and 4th).

Finally, the Complaint alleges that Plaintiffs' parents submitted a formal complaint to FCPS about the investigation, disciplinary action, and conditions during ISS, demanding an "immediate meeting" to address "specific actions taken by TJHSST administrators and staff." *Id.* ¶¶ 136–37; *see* [Doc. No. 34] at n.12. In February of 2026, FCPS issued a letter responding to the formal complaint, finding no wrongdoing by TJHSST administrators, including Defendants Mukai and Fawsett, and stating, "the administration's actions were consistent with FCPS regulations." [Doc. No. 1] ¶¶ 138–39.

## II. STANDARD OF REVIEW

Under the Federal Rules, a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must "state a claim to relief that is plausible on its face," and the facts must be more than just "speculative." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Conclusory allegations or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. To be facially plausible, a plaintiff must plead "factual content that allows the Court to draw a reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the motion to dismiss stage, courts accept the factual allegations in the complaint as true. *Id.*[4]

[4] Moreover, although "[a] motion to dismiss tests the sufficiency of a complaint," courts may also consider a document submitted by the movant, "so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (quoting

## III. DISCUSSION

Defendants contend that all claims should be dismissed against all defendants, either on the merits or because certain of the defendants are not proper parties with respect to certain claims or enjoy qualified immunity. After reviewing the alleged facts and circumstances most favorably to the Plaintiffs, including the nature and substance of the Plaintiffs' video, with all reasonable inferences drawn in Plaintiffs' favor, as well as the case law applicable to their claims, the Court concludes that Plaintiffs have alleged facts that make plausible each of the claims alleged against certain of the Defendants. In that regard, Defendant TJHSST is not a legally separate entity under Virginia law from the school board,[5] and the proper defendant in a Title VI case is an entity rather than an individual. *See Callum v. CVS Health Corp.*, 137 F. Supp. 3d 817, 844 (D.S.C. 2015). As a result, all claims against Defendant TJHSST should be dismissed and the Title VI claim in Count III should be dismissed against Defendants Reid, Mukai, and Fawsett, leaving Defendant FCPS as the only defendant on that Title VI claim.

Defendant FCPS also requests that all Section1983 claims against it be dismissed based on the limitations on and requirements for municipality liability under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 690 (1978) ("Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief" if "the action that is alleged to be unconstitutional implements or executes a policy statement . . . [or] decision officially adopted and promulgated by that body's officers."). After reviewing the Complaint with respect

---

*Occupy Columbia v. Haley,* 738 F.3d 107, 116 (4th Cir.2013)) (internal quotations omitted). Thus, the Court has properly considered the sealed video in deciding the Motion to Dismiss.

[5] *See* Va. Code § 22.1-71, -79(5) (declaring that each public school board is "a body corporate and, in its corporate capacity, is vested with all the powers and charged with all the duties, obligations and responsibilities imposed upon school boards by law and may sue [and] be sued . . ." and authorizing each school board to "operate and maintain the public schools in the school division").

to this request, the Court concludes that Plaintiffs have alleged facts that, when viewed most favorably to the Plaintiffs, with all reasonable inferences drawn in their favor, plausibly allege *Monell* liability against Defendant FCPS, particularly based on the grounds that Defendant FCPS, a final policymaker, ratified the actions taken by its Defendant-employees as to the adverse actions taken against Plaintiffs. [Doc. No. 1] ¶¶ 136–37 (formal complaint to School Board seeking review of disciplinary decision and process), 138–39 (School Board found no wrongdoing or inconsistencies with its regulations). As to the request that the Section 1983 claims (Claims I, II, and IV) against the individual-capacity Defendants be dismissed on qualified-immunity grounds, a definitive ruling on qualified immunity at this pre-discovery stage of the proceedings is premature given unresolved factual issues. *See Nichols v. Bumgarner*, 173 F.4th 511, 523 (4th Cir. 2026) ("At the motion to dismiss stage, it is generally difficult to establish [the qualified immunity] defense because plaintiffs must present only a claim that is plausible on its face." (internal quotations omitted)).

## III. CONCLUSION

For the above reasons, it is hereby

**ORDERED** that the Motion to Dismiss be, and the same hereby is **GRANTED** with respect to Defendant TJHSST on Counts I, II, III, and IV; **GRANTED** with respect to Defendants Reid, Mukai, and Fawsett on Count III; **DENIED** without prejudice with respect to the issue of qualified immunity; and is otherwise **DENIED**.

The Clerk is directed to forward a copy of this Order to all counsel of record.

September 15, 2026
Alexandria, Virginia

Anthony J. Trenga
United States District Judge